His Honor sustained the motion in arrest of the judgment, and the solicitor for the State appealed.
Our statute (see 1 Rev. Stat., ch. 34, sec. 5) is as follows: (290) "Any person who shall ravish and carnally know any female of the age of ten years or more, by force or against her will, or who shall unlawfully and carnally know and abuse any female child under the age of ten years, shall be adjudged guilty of felony, and shall suffer death without benefit of clergy." That part of our statute which relates to the abuse of a female child is merely taken from the fourth section of the statute of 18 Eliz., ch. 7. That section of the English statute declares, "That if any person *Page 230 
shall unlawfully and carnally know and abuse any woman child under the age of ten years," etc. The form of an indictment, good under the English statute, we think, must be good under our act, which is so near a copy of the English statute. We have examined in several books of practice in Crown cases the precedents of indictments for rape on infant females under the age of ten years. In the form in Stubbs Cr. C., 612, and also that in Archb. C. P., 373, she is stated as "an infant under theage of ten years." The words "woman child" are not inserted in any part of the forms given by these authors. The form in 3 Chitty's Crim. Law, 816, does contain the very words of the statute, "in and upon E. P.,spinster, a woman child, under the age of ten years," etc. Mr. Chitty, in a note says, "Sometimes the words woman child are omitted, but it seems better to follow the words of the statute." These remarks of his are given to the profession from abundant caution; he does not pretend that there ever has been any adjudication demanding the insertion of these words in the indictment. When we read the sentence in the indictment and arrive at the personal pronoun her, it seems to us it is sufficiently certain that the person mentioned as abused is no other than a female. This pronoun "her" agrees grammatically with its antecedent, Mary M. Cook, in gender, number, and person. Secondly, in indictment for offenses against the person or property of individuals in England, no addition to the names of those individuals is requisite: 2 Hale, 182, and it has been said, if stated it need not be proved. Rex v. Graham, 2 Leach, 547; Rex v. Oglive, 2 Car. and P., 230; Archb. Crim., p. 31. The objection that the addition of "spinster" to the name of Mary M. Cook was omitted in the indictment has no weight. We have looked (291) through the whole record and there does not appear to us anything why judgment should not have been rendered for the State against the prisoner. The judgment rendered by the Superior Court of Law for the county of Cumberland in this case is by this Court reversed. This opinion will be certified to the said Superior Court of Cumberland County, that judgment of death may be there given for the State against the prisoner, according to law.
PER CURIAM. Judgment reversed.
Cited: S. v. Farmer, 26 N.C. 225. *Page 231